FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 13, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CRAIG L. WIRTH,<br><br>    Plaintiff,<br><br> v.<br><br>VA; VA POLICE DEPARTMENT; and SPOKANE VAMC,<br><br>    Defendants. | NO: 2:19-CV-420-RMP<br><br>ORDER DISMISSING SECOND AMENDED COMPLAINT FOR LEGAL INSUFFICIENCY |

## BACKGROUND

Mr. Wirth seeks monetary damages for an alleged attack that occurred at the Spokane Veteran Affairs Medical Center ("VAMC"). Mr. Wirth states that various VA police officers attacked him, beat him, and held him against his will.

On May 12, 2020, the Court reviewed Mr. Wirth's Complaint for legal sufficiency, as he is proceeding *in forma pauperis*. *See* ECF No. 7. Upon review of Mr. Wirth's Complaint, the Court offered Mr. Wirth an opportunity to file an amended complaint or voluntarily dismiss his case and identified the Complaint's deficiencies. ECF No. 7 at 9–11.

ORDER DISMISSING SECOND AMENDED COMPLAINT FOR LEGAL INSUFFICIENCY ~ 1

The Court reviewed Mr. Wirth's Amended Complaint, ECF No. 8, on September 1, 2020. ECF No. 9. In his Amended Complaint, Mr. Wirth continued to assert that he is bringing criminal charges against the named Defendants and failed to allege facts showing that he has complied with 28 U.S.C. § 2401(b).

Although Mr. Wirth did not allege that he presented his claims to the proper agency or agencies in writing within two years of the alleged attack, as required under 28 U.S.C. § 2401(b), the Court found that the Amended Complaint referenced several facts illustrating that Mr. Wirth may have taken some actions consistent with 28 U.S.C. § 2401(b). ECF No. 9 at 4–5. Accordingly, the Court gave Mr. Wirth one more opportunity to demonstrate that he has complied with 28 U.S.C. § 2401(b). *Id.* at 5. Specifically, the Court explained:

> If Mr. Wirth submits a Second Amended Complaint, he must state whether and when he has submitted his claims to any federal agency, specifying what claims he submitted and the agency to which he submitted them. Additionally, Mr. Wirth must expressly name the United States as a defendant, rather than federal agencies, to bring claims under the FTCA, as this Court explained in its prior Order.

*Id*.

With respect to Mr. Wirth's potential *Bivens* claims against unknown federal officers, the Court construed Mr. Wirth's Amended Complaint as naming twelve VA police offer "Doe" Defendants. *Id.* at 6. However, beyond describing the actions of some officers, the Amended Complaint did not list any claims for relief against the Doe Defendants. Accordingly, the Court instructed Mr. Wirth that "he must state

ORDER DISMISSING SECOND AMENDED COMPLAINT FOR LEGAL INSUFFICIENCY ~ 2

what claims he actually is pursuing against the Doe Defendants in his Complaint, so that the Court can evaluate those claims and so that Defendants may potentially respond to those claims." *Id.* at 7.

Mr. Wirth's Amended Complaint was also significantly broader than his initial Complaint and contained new claims that were not properly joined under Fed. R. Civ. P. 20(a). *Id.* The Court advised Mr. Wirth that in the event he files a Second Amended Complaint, he must comply with Rule 20(a), and any improperly joined claims would be dismissed without prejudice. *Id.* at 8.

Finally, Mr. Wirth's Amended Complaint did not comply with Fed. R. Civ. P. 8, which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* The Court instructed Mr. Wirth that if he filed a Second Amended Complaint, he must "concisely state how each Defendant's actions violated the law, such that he is entitled to bring a lawsuit against him or her." ECF *Id.* at 9.

After reviewing the Amended Complaint, the Court afforded Mr. Wirth one more opportunity to amend his Complaint to cure the deficiencies identified by the Court. *Id.* Mr. Wirth filed his Second Amended Complaint, ECF No. 10, on October 30, 2020.

## LEGAL STANDARD

Because Plaintiff is proceeding *in forma pauperis*, the Court is required by law to screen Plaintiff's Complaint for legal sufficiency. 28 U.S.C. §1915(e)(2). A

ORDER DISMISSING SECOND AMENDED COMPLAINT FOR LEGAL INSUFFICIENCY ~ 3

1    district court shall dismiss the proceeding at any time if the action or appeal is

2    frivolous or malicious; fails to state a claim upon which relief may be granted; or

3    seeks monetary relief against a defendant who is immune from such relief. *Id*.

4        The facts alleged in a complaint are to be taken as true and must "plausibly

5    give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009).

6    Mere legal conclusions "are not entitled to the assumption of truth." *Id*. The

7    complaint must contain more than "a formulaic recitation of the elements of a cause

8    of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It must plead

9    "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

10   Courts are instructed to "liberally construe the 'inartful pleading' of pro se litigants."

11   *Eldridge v. Block*, 832 F.2d 1132, 1127 (9th Cir. 1987) (quoting *Boag v.*

12   *MacDougall*, 454 U.S. 364, 365 (1982) (per curiam)).

13       **A. Mr. Wirth's Claims Against Federal Agencies**

14       Mr. Wirth asserts that "this court repeatedly tries telling [him] that [he] can't

15   sue a government agency when [he] know[s] this to be false." ECF No. 10 at 2. Mr.

16   Wirth also continues to assert that the unidentified VA police officers' actions were

17   "Federally Criminal." *Id*. at 14; *see* ECF No. 7 at 6 (construing the causes of action

18   stated in Mr. Wirth's initial Complaint, such as assault and battery, as tort claims

19   under the Federal Tort Claims Act ("FTCA")).

20       As the Court explained in its previous Order screening Mr. Wirth's

21

Amended Complaint for legal sufficiency, pursuant to 28 U.S.C. § 2401(b), "Mr. Wirth must state whether and when he has submitted his claims to any federal agency, specifying what claims he submitted and the agency to which he submitted them." ECF No. 9 at 5. "Additionally, Mr. Wirth must expressly name the United States as a defendant, rather than federal agencies, to bring claims under the FTCA." *Id.* (citing ECF No. 7 at 6–7).

Mr. Wirth's Second Amended Complaint does not state whether and when he submitted his claims to any federal agency. *See* ECF No. 10 at 15 ("The VA still has not done a single thing to look into this criminal assault by their police force."). Thus, he has not demonstrated that he has complied with 28 U.S.C. § 2401(b).

The Second Amended Complaint also fails to expressly name the United States as a defendant, rather than federal agencies. Accordingly, Mr. Wirth's construed tort claims against the federal agencies as pleaded are barred by sovereign immunity. *See FDIC v. Craft*, 157 F.3d 697, 706–07 (9th Cir. 1988) ("Although such claims can arise from the acts or omissions of United States agencies (28 U.S.C. § 2671), an agency itself cannot be sued under the FTCA.").

Since Mr. Wirth failed to abide by the Court's directives with respect to his construed tort claims under the FTCA, these claims as pleaded are barred and hereby dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), (iii).

B. **Potential *Bivens* Claims against John/Jane Doe Defendants**

The Court construed Mr. Wirth's Amended Complaint as naming twelve VA

1   police officer Doe Defendants.  ECF No. 9 at 6.  However, the Amended Complaint
2   did not identify the law under which Mr. Wirth seeks recourse against the Doe
3   Defendants.  *Id.*  Accordingly, the Court instructed Mr. Wirth that he must state what
4   claims he is pursuing against the Doe Defendants.  *Id*. at 7.  The Court further
5   instructed Mr. Wirth that he must concisely state how each Defendant's actions
6   violated the law, such that he entitled to bring a lawsuit against him or her, pursuant
7   to Fed. R. Civ. P. 8(d).  *Id.* at 9.

8   In his Second Amended Complaint, Mr. Wirth contends that it is "impossible"
9   to sue the Doe Defendants "because the VA has actively blocked [him] from getting
10  any information on them."  ECF No. 10 at 2.  He further contends that "past
11  experience tells [him] that [he] can't sue the individual cops because the federal
12  courts claim there's some kind of a blanket immunity they have against being held
13  accountable for their actions."  *Id.*

14  Defendants John/Jane Doe 1–12 were terminated from this matter on October
15  30, 2021, when Mr. Wirth filed his Second Amended Complaint.  *See* ECF No. 10.
16  Even if Defendants John/Jane Doe 1–12 had not been terminated, Mr. Wirth has yet
17  to identify the law under which he seeks recourse against the Doe Defendants.  Since
18  Mr. Wirth neither asserted what claims he is pursuing against the Doe Defendants,
19  nor stated how each Defendant's actions violated the applicable law, he has failed to
20  state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).
21

ORDER DISMISSING SECOND AMENDED COMPLAINT FOR LEGAL
INSUFFICIENCY ~ 6

### C. Claims Unrelated to the Alleged Assault

In his Amended Complaint, Mr. Wirth included new claims unrelated to the alleged assault by VA police officers. ECF No. 8 at 3. For instance, Mr. Wirth asserted that the VA denied him of his benefits, and "fraudulently and illegally cheat[ed]" him out of travel pay. *Id.* In his Second Amended Complaint, Mr. Wirth did not re-assert these claims nor provide any additional information related to these claims. Thus, the Court deems those claims which are unrelated to the alleged assault abandoned in the present suit.

In conclusion, the Court afforded Mr. Wirth multiple opportunities to amend his Complaint, and Mr. Wirth failed to cure the deficiencies explained in the Court's two previous Orders. *See* ECF Nos. 7, 9. Thus, Mr. Wirth's Second Amended Complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2).

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Second Amended Complaint, **ECF No. 10**, is **DISMISSED without prejudice** for legal insufficiency. 28 U.S.C. § 1915(e)(2).

2. The Court certifies that any appeal of this order would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order, provide a copy to Mr. Wirth, and **close this case**.

**DATED** April 13, 2021.

          *s/ Rosanna Malouf Peterson*
          ROSANNA MALOUF PETERSON
          United States District Judge

ORDER DISMISSING SECOND AMENDED COMPLAINT FOR LEGAL INSUFFICIENCY ~ 7